UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELL WILLIAMS,

    Plaintiff,

v.

                                                    Case No. 15-10892

MICHELLE LOPEZ, et al.,

                                                   Honorable Denise Page Hood

    Defendants.

    _____/

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT
## AND
## DISMISSING CLAIM AGAINST DEFENDANT SCOTT COLEMAN

    This matter is before the Court on Plaintiff Shell Williams' Motion for Default Judgment as to Defendant Scott Coleman. (Doc. No. 21) On March 6, 2015, Plaintiff filed a Complaint against various defendants claiming his Fourth Amendment rights under the United States Constitution were violated when parole and law enforcement officers entered his home, with the assistance of Coleman, a maintenance worker at the apartment complex. (Doc. No. 1, Pg ID 2) Plaintiff's claims were submitted on a court form used by state prisoners filing under 42 U.S.C. § 1983. It appears Plaintiff was not housed in a state or federal facility at the time the Complaint was filed since his residence is located in an apartment complex. Plaintiff was granted pauper status to proceed with this case without prepaying fees or costs under 28 U.S.C. § 1915.

(Doc. No. 3, Order)

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 Fed. Appx. 356, 357 (6th Cir. Jun. 26, 2008).  The court "shall" dismiss the case *at any time* if the court determines the action is frivolous or malicious or fails to state a claim on which

relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir.2009). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, (1982). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri–Cor, Inc.,* 963 F.2d 100, 102 (6th Cir.1991) (citing *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)).

Liberally construing Plaintiff's Complaint, the Court considers Plaintiff's claims under 42 U.S.C. § 1983 since the form used applies to claims under § 1983, even though the form is intended to be used for prisoners. The Court finds there are no factual allegations against Defendant Coleman in the Complaint to state a claim upon which relief may be granted. There is no allegation that Defendant Coleman, identified as a maintenance worker at Mid-Town Apartments, is a state actor. There

is no allegation that Defendant Coleman was employed by the State or any municipality at the time of the incident alleged in the Complaint. Defendant Coleman cannot be liable under a § 1983 claim since there is no allegation that he was acting under color of state law when he allegedly allowed the officers to enter the apartment building. The claims against Defendant Coleman must be dismissed as set forth in 28 U.S.C. § 1915(e).

Because the Court dismisses the Complaint against Defendant Coleman, Plaintiff's Motion for Default Judgment is denied as moot. It is noted that Plaintiff did not seek a Clerk's entry of default prior to filing the Motion for Default Judgment, but instead filed the motion before the Court. The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. Rule 55(b)(2) states that upon application by the party, the Court may enter a Judgment by Default. Rule 55(b)(2) further states: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the

truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. ..." Even if Plaintiff properly requested a Clerk's Entry of Default in this case, the Motion for Default Judgment would be denied since Plaintiff is not entitled to judgment against Defendant Coleman.

    Accordingly,

    IT IS ORDERED that Plaintiff's Motion for Default Judgment **(Doc. No. 11)** is DENIED.

    IT IS FURTHER ORDERED that the Complaint is DISMISSED against Defendant Scott Coleman only.

    IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

                                  S/Denise Page Hood  
                                    DENISE PAGE HOOD  
                                    United States District Judge

DATED: November 3, 2015

Certificate of Service

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2015, by electronic and/or ordinary mail.

S/Kelly Winslow for LaShawn Saulsberry
Case Manager Generalist