UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shell Williams,

        Plaintiff,                   Case No. 15-cv-10892
                                                 Hon. Denise Page Hood

v.

Michelle Lopez, et al.,

        Defendants.

_____/

**ORDER GRANTING SUMMARY JUDGMENT (Docket No. 11); DENYING APPOINTMENT OF COUNSEL (Docket No. 17); AND, DENYING MOTION TO COMPEL AS MOOT (Docket No. 18)**

## I.   INTRODUCTION AND BACKGROUND

This matter comes before the Court on: (1) Plaintiff's Motion for appointment of Counsel **[Docket No. 17, filed October 18, 2015]**; (2) Defendant Mohamad Bazzy's Motion to Dismiss or in the Alternative for Summary Judgment **[Docket No. 11, filed July 15, 2015]**; and (3) Defendant Mid-Town Apartment LLC's Motion to Compel More Specific Answers **[Docket No. 18, filed October 13, 2015]**.

Plaintiff Shell Williams ("Williams") is suing Defendants Michelle Lopez, Mohamad Bazzy, Ryan Spangler, Scott Coleman, and Mid-Town Apartment LLC.

1

On April 28, 2014, parole officer Lopez, and Wayne State University police officers Bazzy and Spangler "conducted a routine parole home visit" at 691 Brainard apartment 1106. Williams says they knocked on the door but their knock went unanswered, therefore, Lopez, Bazzy, and Spangler had Coleman, a maintenance worker at Mid-Town Apartments, let them into Williams' apartment. Williams said Defendants entered the apartment without her consent. She alleges that two months prior to this incident Coleman entered the premises without her consent and she instructed him never to do so again. Williams claims that Defendant's April 28, 2014 violated her Fourth Amendment rights because Defendants Bazzy, Spangler, and Lopez entered without a warrant.

On March 6, 2015, Williams filed a complaint claiming Defendants Lopez, Bazzy, Coleman, and Spangler illegally entered her home in violation of the Fourth Amendment. The Court construed this claim as one under 42 USC § 1983. Williams also claims that Defendant Mid-Town Apartment breached her lease by allowing the other Defendants to enter her home unauthorized. **[Docket No. 1, filed March 6, 2015]**.

II.     DISCUSSION

    A.     **Williams' Motion to Appoint Counsel**

Williams asks this Court to appoint her counsel or recommend her case to

2

the pro bono committee considering her indigent status. Pleadings drafted by *pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court will liberally construe a *pro se* complaint to determine whether it fails to state a claim upon which relief could be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent herself. *Id*. at 606. This generally involves a determining the "complexity of the factual and legal issues involved." *Id*. Appointment of counsel under 28 U.S.C. § 1915(d) is not appropriate when a pro se litigant's claims are frivolous, or when the chances of success are extremely slim. *Id*.

The Court will not appoint Williams counsel. Even after liberally construing her complaint, the Court finds that Williams' federal claim fails to withstand a motion to dismiss. As discussed in detail below, Williams is estopped from relitigating her federal claim. Accordingly, Williams' Motion to Appoint Counsel is **DENIED**.

B.     **Bazzy's Motion to Dismiss or in the Alternative for Summary Judgment**

Bazzy filed a motion to dismiss under Rule 12(b)(6); however, to decide this motion, the Court examined the evidentiary attachments the parties submitted with their briefs. Therefore, the Court construes Defendant's Motion to Dismiss as one for Summary Judgment. See, *Cronin v. Bechtel Power Corp.*, 499 F. Supp. 16, 18 (M.D. Pa. 1979) noting ([due to] the substance of Defendant's motion. . . "we will consider the motion a Motion to Dismiss . . . pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have introduced affidavits in support of their positions. . . Therefore, under Rule 12, Defendant's Motion will be considered a Motion for Summary Judgment.").

A Court should grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Id*. at 248. A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id*.

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id*. at 324. The Court may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. See, *Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*,

477 U.S. at 249.

Bazzy claimsWilliams allegations do not give rise to a cognizable claim beause Williams is estopped from arguing she suffered a violation of her fourth amendment rights since that issue was litigated in criminal case through a motion to suppress in front of Judge Gershwin Drain. *United States v. Sandlain*, No. 14-CR-20283, 2014 WL 4639361, at *3 (E.D. Mich. Sept. 16, 2014).

Williams' complaint states:

> On April 28, 2014, parole agent Michelle Lopez, Wayne State Police officers Ryan Spangle, Bazzy Mohamad conducted a routine parole home visit at 691 Brainard apartment 1106, Detroit Michigan. After knocking on the front door and receiving no response, the parole officer and law enforcement officers entered the home wit (sic)the assistance of Scott Coleman the maintenance worker who used a key to gain entry. No consent by the plaintiff or other occupants was given to enter the home and no warrant authorized the entry. Scott Coleman entered the premises two months prior without authorization and was told by occupants never to enter again without prior notice.
> The warrantless entry into plaintiff home, violated plaintiff Fourth Amendment right protected under the fourth amendment of the United States Constitution. The warrantless entry also violated the clear language of the of plaintiff lease agreement, which states that no entry should be made in plaintiff home until prior notice is given.

**[Docket No. 1, filed March 6, 2015]**.

Williams cannot relitigate the constitutionality of law enforcement's entry into her apartment. According to the Sixth Circuit, a decision by a federal court is entitled to collateral estoppel effect if: (1) the precise issue raised in the present

6

case was raised and actually litigated in the prior proceeding; (2) a determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must had a full and fair opportunity to litigate the issue in the prior proceeding. *Smith v. S.E.C.*, 129 F.3d 356, 362 (6th Cir. 1997). Here, Williams had a full and fair opportunity to ligate the issue of the legality of the law enforcement officers entering her home without a warrant. In her prior criminal case, Williams, through counsel, challenged the warrantless entry of her apartment. The court determined that entry was constitutional pursuant to the exigent circumstances exception to the warrant requirement and Michigan Administrative Code Rule 791.7735(2), which permits the warrantless search of a parolee's home when there is reasonable cause to believe there is a parole violation. The criminal court determined the constitutionality of the warrantless entry in order to resolve the motion to suppress. Judge Gershwin Drain's prior determination that the entry was valid prevents Williams from now claiming the entry was not valid.

      Accordingly, Defendant Bazzy's Motion for Summary Judgment is **GRANTED**.

      **C.**     **The Court Declines to Exercise Jurisdiction Over Williams' Breach of Contract Claim**

Williams' complaint contained two claims: one federal alleging a violation of 42 U.S.C. § 1983, and one state alleging a breach of contract. Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over matters arising under federal law, and those involving citizens of different states. 28 U.S.C. §§ 1331, 1332. Federal courts have supplemental jurisdiction over claims interrelated to the federal claims. 28 U.S.C. § 1367. A federal district court "may decline to exercise supplemental jurisdiction ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Mario Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir.1993).

Since the Court dismissed Williams' § 1983 claim, the only remaining claim is a state breach of contract claim. The Court declines to exercise jurisdiction over Williams' breach of contract claim. A state court is better suited to a breach of contract claim based upon a residential lease. Therefore, the Court dismisses Williams' breach of contract claim. Williams may choose to re-file her breach of

8

contract claim against Mid-Town Apartments in state court. Williams should be aware that if she chooses to re-file her breach of contract claim, she may be subject to interrogatories to which she should appropriately respond. Defendant Mid-Town Apartments' Motion to Compel is deemed moot.

### D. The Court Dismisses Williams' Complaint Against Defendant Michelle Lopez Because Lopez Was Never Served

Williams never served Lopez with a copy of her complaint, therefore, her complaint will be dismissed against Defendant Michelle Lopez. In regards to serving Defendant Lopez, Williams states:

> The complaint and summons were going to be hand delivered to Mrs. Lopez, but when arriving at her place of work I was told that was on a medical. Her work address is 1757 Southfield Road, Lincoln Park 48146. The receptionist gave me that information. . . If I can be allowed an extension to serve her, the employer refused to except (sic) the summons. I am asking the court to grant me an extension please.

**[Docket No. 8, filed July 9, 2015].**

Under Fed.R.Civ.P. 4(m), the plaintiff must serve the complaint upon the defendant within 120 days after the complaint is filed, or the district court shall dismiss the action without prejudice as to that defendant. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Livingston v. Martin*, 28 F. App'x 434, 435 (6th Cir. 2002). Absent a showing of good cause as to why Rule 4(m)'s

9

120–day period was not complied with, the language of Rule 4 mandates dismissal. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). Whether a plaintiff has established good cause is "a discretionary determination entrusted to the district court." *Id*.

Williams never served Lopez and failed to establish good cause as to why the Court should have granted her an extension to serve Defendant Lopez. See, *Livingston*, 28 F. App'x at 435 ("[t]he district court also properly dismissed the [defendant] because [plaintiff] never properly served this defendant with the complaint."). Accordingly, Williams' complaint is dismissed without prejudice against Michelle Lopez.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that: (1) Defendant Bazzy's Motion for Summary Judgment **[Docket No. 11, filed July 15, 2015]** is **GRANTED**; (2) Count II of Plaintiff's Complaint alleging Breach of Contract is **DISMISSED WITHOUT PREJUDICE**; (3) Defendant Mid-Town Apartment's Motion to Compel **[Docket No. 18, filed October 13, 2015]** is **DENIED AS MOOT**; (4) Plaintiff's Motion to Appoint Counsel is **DENIED**; and (5) Plaintiff's Complaint against Defendant Michelle Lopez is **DISMISSED WITHOUT PREJUDICE**.

                              s/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated:  November 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2015, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager